# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ROBERT R.,

        Claimant,

        v.

FRANK J. BISIGNANO,
Commissioner of Social Security,

        Respondent.

No. 24 C 2965

Magistrate Jeffrey T. Gilbert

## MEMORANDUM OPINION AND ORDER

Robert R.[1] ("Claimant") appeals the decision of the Commissioner of Social Security[2] ("Commissioner"), denying his applications for disability insurance benefits and supplemental security income. For the reasons set forth below, the Court reverses the Commissioner's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.[3]

## Background

On January 12, 2018, Claimant filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of March

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by his first name and the first initial of his last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), he automatically is substituted as the named defendant in this case.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 7].

1, 2016. (R.15). His applications were denied initially and on reconsideration after which Claimant requested a hearing before an administrative law judge ("ALJ"). After conducting a hearing at which Claimant and a vocational expert testified (R.120-163), the ALJ issued her decision on May 13, 2021, denying Claimant's applications for disability benefits and supplemental security income and concluding he was not disabled under the Social Security Act. (R.235-249).

Claimant filed an appeal with the Appeals Council, which granted review and remanded the case on October 8, 2021. (R.256-257). On remand, the ALJ conducted another hearing (R.84-119) and issued a second decision on March 29, 2022 (R.263-278), again denying Claimant's applications for disability benefits and supplemental security income and concluding he was not disabled under the Social Security Act. Claimant filed another appeal with the Appeals Council, which granted review and remanded the case for a second time on October 18, 2022 to a new ALJ for further consideration and explanation. (R.287-288).

The new ALJ conducted another hearing on March 14, 2023 at which Claimant and a vocational expert testified (R.23-48), and the ALJ issued her decision on April 24, 2023 (R.26-41). Claimant's applications for disability benefits and supplemental security income were denied again, and the ALJ found that he was not disabled under the Social Security Act. (R.26-41). The ALJ's March 14, 2023 decision is the final decision of the Commissioner, which is reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since March 1, 2016, the alleged disability onset date. (R.29). At step two, the ALJ found that Claimant has the severe impairments of schizoaffective disorder, autism spectrum disorder, anxiety disorder, major depressive disorder, obesity, and diabetes mellitus type II. (R.29). At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or equals a listed impairment. (*Id.*). At step four, the ALJ determined that Claimant has the RFC "to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can frequently climb ladders,

3

ropes, and scaffolds. The claimant must avoid unprotected heights. The claimant can understand and remember both simple and detailed instructions but cannot perform production rate or pace work such as assembly line work. The claimant can interact with supervisors and coworker's incidental to the work being performed, but not group or team-based activities. The claimant can have no interaction with the general public. The claimant can respond appropriately to occasional, gradually introduced changes in a routine work setting. The claimant needs one daily reminder to perform tasks." (R.31). At step five, the ALJ found that Claimant was capable of performing his past relevant work as a dishwasher. (R.39). Alternatively, the ALJ found that based on his age, education, work experience and RFC, Claimant was capable other jobs that exist in the national economy and, therefore, was not disabled. (R.40-41).

### Standard of Review

The district court reviews an ALJ's decision deferentially and must affirm the decision if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Seventh Circuit has concluded that an ALJ's decision is "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Though the standard of review is deferential, the court must "conduct a critical review of the evidence" before affirming the Commissioner's

4

decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even if there is adequate evidence in the record to support an ALJ's decision, that decision cannot be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *see also Warnell*, 97 F.4th at 1053.

## Analysis

Claimant argues that he has severe mental impairments that have prevented him from working since March 1, 2016. He asserts multiple arguments in support of his request to remand this case: (1) the ALJ erred in assessing his treating specialist's opinion when he omitted limitations in the RFC without explanation; (2) the ALJ also erred in his assessment of the medical opinion evidence from the State agency experts; (3) the ALJ's RFC is not supported by substantial evidence; and (4) the ALJ's subjective symptom analysis is legally insufficient and flawed because she relied too heavily what she perceived as "objective medical evidence" and did not consider other significant subjective evidence in the record. For the reasons discussed below, the Court agrees with Claimant that the ALJ's explanation about how she evaluated the medical opinion evidence is flawed, and therefore, remand is required.

Claimant first argument is that the ALJ improperly evaluated the opinion of his treating psychiatrist Asma Jami, M.D. The regulations require an ALJ to consider a number of factors when evaluating medical opinions, the most important of which are the supportability of the opinions and consistency with other record evidence. *See* 20 C.F.R. § 404.1520c(b)(2), (c). The regulations additionally require ALJs to explain

5

how they evaluate the medical opinion evidence and whether or not the opinions are persuasive and why. *See* 20 C.F.R. § 404.1520c(a), (b)(1).

In her written decision, the ALJ discussed Dr. Jami's opinion. (R.37-38). The ALJ noted that Dr. Jami opined that Claimant faced a series of mild-to-marked limitations in his functioning due to his symptoms, with the majority of the marked limitations arising in areas such as working in coordination with others, interacting appropriately with the general public, traveling to unfamiliar settings and getting along with coworkers. (R.1236). Dr. Jami did not comment on how often Claimant would need to miss work or how much of the workday he would be off-task, but he found that Claimant had (1) a mild restriction in understanding, remembering, or applying information, (2) a marked restriction in interacting with others, (3) a mild-to-moderate restriction in concentration, persistence, or maintaining pace; and (4) moderate restriction in adapting or managing oneself. (R.1236-37).

Finding Dr. Jami's opinion "somewhat persuasive", the ALJ credited many of the social limitations that Dr. Jami identified and also provided greater social restriction in the RFC than the State agency consultants identified. (R.38). The Court also notes the ALJ included greater limitations than did Dr. Jami when she included additional limitations in the RFC relating to Claimant' ability in understanding, remembering, and applying information. Specifically, the ALJ found that Claimant had a moderate limitation  (R.29) where as Dr. Jami only found a mild limitation (R.1237).

The ALJ evaluated Dr. Jami's opinion as follows:

> Dr. Jami checked 12 boxes on the form of the claimant's related symptoms with specifically expressing the claimant has paranoid thoughts that he is being watched. Dr. Jami indicated the claimant also has an anxious affect, depression mood, and perceptual disturbances. Dr. Asma [Jami] opined the claimant has a mild restriction in understanding, remembering, or applying information, marked restrictions with interacting with others, mild to moderate restrictions in concentration, persistence, or maintaining pace, and moderate restrictions with adapting and managing oneself. The undersigned finds the opinion of Dr. Jami only somewhat persuasive, as it is partially supported by treatment records from VNA Healthcare as detailed above (Exhibits 8F; 19F). However, subsequent records support a greater restriction in understanding, remembering, and applying information. The undersigned has accounted for the limitations, specifically relating to the marked social limitations in finding that the claimant can interact with supervisors and coworker's incidental to the work being performed, but not group or team-based activities. The claimant can have no interaction with the general public.

(R.36-37).

As the Court understands the ALJ's analysis and conclusion, the ALJ found Dr. Jami's opinion only somewhat persuasive because she concluded that Claimant required greater restrictions to accommodate the ALJ's finding of moderate ability in understanding, and applying information. (R.37-38). The ALJ did not question Dr. Jami's opinion in any other aspect. Yet, the ALJ did not include other limitation in Claimant's ability to perform work that Dr. Jami identified and found to be moderate and marked limitations or, alternatively, did not explain why she did not include those additional limitations. Specifically, when Dr. Jami completed a mental impairment and functional capacity questionnaire and considered Claimant's ability to perform unskilled work, he identified 11 areas where Claimant, in his opinion, would have moderate or marked limitations including, among others, (1) completing

a normal workday or work week without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; (2) accepting instructions and responding appropriately to criticism from supervisors; (3) working in coordination with or proximity to others without being unduly distracted by them; (4) getting along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes; (5) maintaining attention and concentration for extended periods; and (6) performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances. (R.1236). The Court agrees with Claimant that the ALJ's evaluation is incomplete because she did not address these limitations identified by Dr. Jami, and this lack of explanation requires remand so that the Court can be assured that the ALJ considered those limitations and explain why she did not include them in the RFC.

The law is clear that an ALJ "may not selectively consider medical reports, especially those of treating physicians, but must consider 'all relevant evidence.'" *Mandrell v. Kijakazi*, 25 F.4th 514, 519 (7th Cir. 2022) (quoting *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009)). The ALJ also is required to address evidence that does not support her position. *See Plessinger v. Berryhill*, 900 F.3d 909, 915 (7th Cir. 2018). The Court, however, recognizes that the ALJ is not required to adopt a treating physician's opinion in its entirety, she is "required to build a 'logical bridge from the evidence to his conclusion.'" *Gago v. Berryhill*, 2018 WL 4924016, at *5 (N.D. Ill. Oct. 10, 2018) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). That logical

8

bridge is missing in this case because the Court does not how the ALJ evaluated these additional limitations in Dr. Jami's opinion, and the Court cannot and will not speculate.

Taking the ALJ's opinion at face value, she found Dr. Jami's opinion persuasive other than with regard to the greater limitations in understanding. If that is accurate, then, in the Court's view, a reasonable interpretation is that those additional limitations should have been included in the RFC and in the hypothetical presented to the vocational expert. *See Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("As a general rule, both the hypothetical posed to the vocational expert and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record."); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004) (holding that an ALJ "must confront the evidence that does not support his conclusion and explain why it was rejected"); *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015) ("The ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record."). The ALJ, however, did not include those additional limitations, and the Court does not know why. For these reasons, the Court finds that the case must be remanded so the ALJ can address all of the limitations included in Dr. Jami's opinion and explain how she evaluated them and why she included some, but not all of the limitations.

Claimant asserts a similar argument in regard to the ALJ's evaluation of the opinion evidence from the State agency consultants. The ALJ evaluated the opinions of the State agency experts as follows:

9

> The undersigned finds the opinions of the State agency consultants somewhat persuasive, supported and consistent with the medical evidence at the time each was opined. However, the consultants did not have an opportunity to consider subsequent documentation and testimony in making their conclusions about the claimant's limitations. With a review of the entire record, the undersigned finds additional limitations are supported since the alleged onset date. That is, based on the combination of the psychological impairments, the undersigned further finds the claimant can understand and remember both simple and detailed instructions but cannot perform production rate or pace work such as assembly line work. The claimant can interact with supervisors and coworker's incidental to the work being performed, but not group or team-based activities. The claimant can have no interaction with the general public. The claimant can respond appropriately to occasional, gradually introduced changes in a routine work setting. The claimant needs one daily reminder to perform tasks.

(R.37). As with her assessment of Dr. Jami's opinion, the ALJ found that the opinions from State agency experts Dr. Voss and Dr. Zaloudek were not limiting enough and additional restrictions were required given evidence that came into the record after their review. (R.37). The ALJ, however, again did not include some of the limitations the State agency experts had identified nor did she explain their omission. (R.37).

For example, Dr. Voss and Dr. Zaloudek opined, among other findings, that Claimant had moderate limitations with (1) completing a normal workday or work week without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods, (2) accepting instructions and responding appropriately to criticism from supervisors; and (3) getting along with co-workers or peers without distracting them or exhibiting behavioral extremes. (R.175-76, 225-27). The ALJ, however, did not address these limitations so it is not clear to the Court whether or not the ALJ was aware of the State Agency experts' findings relating to these limitations, and if she was aware of

the limitations, why she omitted them from the RFC. This is reversible error. *See Plessinger*, 900 F.3d at 915 (holding that ALJ must engage with evidence that does not support his position); *Zurawski v. Halter*, 245 F.3d 881, 888-89 (7th Cir. 2001) (finding that the ALJ must address evidence favorable to a claimant and provide minimal articulation "to permit an informed review"); *Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (holding that the ALJ must grapple with evidence contrary to the ALJ's findings). When limitations opined to by the State agency experts are not discounted by the ALJ, these limits must either be accommodated in the RFC and hypothetical questions to the vocational expert or their omission must be explained. *See DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019) (holding that the ALJ's failure to not include the moderate limitations identified by the reviewing psychologist or explain why those limitations were not included is reversible error); *Varga*, 794 F.3d at 814 (concluding that the ALJ must account for all evidence including moderate limitations set forth by State agency reviewing experts on the worksheets).

Again as set forth above, the Court recognizes that an ALJ is not required to address every piece of evidence in the record, but the law also is clear that an ALJ may not "cherry pick" evidence that supports her conclusions and disregard other evidence that could support a contrary conclusion. *Myles*, 582 F.3d at 678 (holding that an ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding). Because the Court does not know how

or if the ALJ considered the limitations found by the State agency consultants, and it cannot and will not speculate, remand is required.

Because remand is required for further explanation about how the ALJ evaluated the medical opinion evidence and why some limitations were omitted from the RFC, the Court declines to address Claimant's remaining arguments. The Court recognizes that this case previously was remanded to the ALJ twice by the Appeals Council for more clarity about how the ALJ evaluated opinion evidence and for a better explanation of why the ALJ included certain limitations in the RFC and why others were excluded from the RFC. The Court regrets that remand is required again. In the Court's view, however, this record does not command a determination that Claimant should be awarded benefits at this time, but instead that the ALJ again has not adequately supported and explained her conclusions, and Claimant requests that the case be remanded for these reasons. Claimant's Brief [ECF No. 14], at 14; Claimant's Reply [ECF No. 19], at 15. The Court expresses no opinion about the decision to be made on remand but strongly encourages the Commissioner to consider all the evidence in the record and build a fulsome logical bridge between the evidence and her conclusions with a particular focus on the opinion evidence in the record.

## Conclusion

For the reasons set forth in the Court's Memorandum Opinion and Order, the Court grants Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 14] and denies the Commissioner's Motion for Summary Judgment [ECF No. 17]. In accordance with the fourth sentence of 42

U.S.C. § 405(g), the Court remands this case to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 29, 2026